UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
ANTWAN THOMPSON,                                          :
                                                          :     **MEMORANDUM**
                                            Petitioner,   :     **DECISION & ORDER**
                                                          :
                       - against -                        :     18-cv-3540 (BMC)
                                                          :
SUPERINTENDENT JAMIE LAMANNA,                             :
                                                          :
                                            Respondent.   :
----------------------------------------------------------X

**COGAN**, District Judge.

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 from his June 24, 2013 state court conviction and sentencing. Pursuant to a negotiated plea agreement, petitioner pleaded guilty to four counts of third-degree felony robbery. The trial court sentenced him to 2-4 years on each count, to run consecutively, as provided in the parties' agreement, thus totaling 8-16 years. Each count arose out of a separate armed robbery and there were varying combinations of DNA evidence, witness identification evidence, and signed confessions after written Miranda warnings linking petitioner to the robberies.

Petitioner commenced a number of collateral challenges to his conviction and sentence in state court, many of which were either procedurally improper or contained issues that could not be raised in the proceeding in which petitioner asserted them.[1] In this habeas corpus petition, he

---

[1] The record in is somewhat convoluted because of:
  – the number of motions that petitioner filed under N.Y. C.P.L.R. 440.10;
  – the fact that petitioner filed at least one § 440 motion before he sought relief in the Appellate Division;
  – the procedural impropriety of some of the challenges that petitioner made, see, e.g., Thompson v. Annucci, 136 A.D.3d 1408, 25 N.Y.S.3d 769 (4th Dep't) (rejecting claim in an Article 78 proceeding that DOCS miscalculated petitioner's sentence and rejecting as procedurally improper petitioner's challenge to his 1986 conviction), leave to app. denied, 27 N.Y.3d 909, 39 N.Y.S.3d 377 (2016); and
  – the fact that petitioner filed his first federal habeas petition before the Appellate Division had ruled on his motion to reduce sentence and before it had denied leave to appeal one of his § 440 motions.

has raised four points of error, each of which devolves into two or more claims. Those claims are: (1) his sentence was excessively long; (2) the trial court failed to recognize that it had discretion to waive the $100 mandatory surcharge imposed on him as a result of his conviction; (3) various pre-plea issues (that he was illegally searched, that he was not timely arraigned, that his counsel failed to contact an alibi witness, and that his counsel waived his right to testify before the grand jury); (4) law enforcement officials had promised him no jail time if he confessed; (5) his lawyer coerced him to plead guilty; (6) he was denied a competency hearing; and (7) his sentence for a 1986 conviction as a persistent felony offender was erroneous.

As explained below, each of these claims is either not cognizable on habeas corpus review or lacks sufficient merit to warrant relief under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.

## I.  Excessive Sentence, Surcharge, and Pre-Plea Issues

Petitioner raised the excessive sentence and surcharge issues in a motion to the Appellate Division to reduce his sentence as unduly harsh under N.Y. Comp. Codes R. & Regs. title 22, § 670.12(c). Petitioner's appointed counsel argued that his age, background, and other factors compelled a reduction of his sentence and that the trial court had erred by presuming that it did not have discretion to defer payment of the $100 mandatory surcharge.[2] The Appellate Division held that because petitioner had "knowingly, voluntarily, and intelligently waived his right to

---

At the Court's request, the State supplemented the record on July 18, 2018, which clarified the case's procedural posture. The Court is convinced that plaintiff has exhausted all of the claims that he raised in this habeas corpus petition.

[2] It is not entirely clear from the record whether petitioner originally moved to have the mandatory surcharge waived entirely, or just to have his payment deferred. At petitioner's sentencing, his counsel informed the court that plaintiff had drafted a *pro se* motion; counsel referred to it as "a motion to defer payment of the mandatory surcharge. It is a motion to waive the mandatory surcharge." The sentencing judge replied, "Well, the problem is that when there is a mandatory – I mean, I can't. I have to impose it. I don't have discretion on this. I will certainly look at the motion." Petitioner's appointed counsel briefed the issue to the Appellate Division as if petitioner's motion sought only a deferral, not a waiver.

2

appeal," he was precluded from seeking a reduction of his sentence. People v. Thompson, 150 A.D.3d 1156, 1157, 52 N.Y.S.3d 675, 676 (2d Dep't), leave to app. denied, 30 N.Y.3d 1023, 70 N.Y.S.3d 455 (2017). It also held that although petitioner's challenge to the surcharge survived his appeal waiver, that claim had no merit.

Plaintiff raised certain of the pre-trial issues – that he was not timely arraigned and that his counsel waived his right to testify before the grand jury – in his first proceeding under N.Y. C.P.L.R. 440.10. That court rejected both grounds as "not pertinent" based on defendant's guilty plea. Plaintiff raised the arraignment issue in his *pro se* supplemental brief in support of his motion to reduce sentence before the Appellate Division, and also raised in that brief the claims he brings here for an illegal search and his counsel's failure to contact an alibi witness. The Appellate Division rejected the arraignment issue as not preserved for appeal and the other claims as based on matters outside the record.

None of plaintiff's contentions is reviewable on federal habeas corpus. The term of incarceration imposed on petitioner for each count was the minimum provided by state law. See N.Y. Penal Law §§ 70.06(3)(d), (4)(b); 160.05. State law also authorizes the sentencing court to run the sentences consecutively. See People v. Ramirez, 89 N.Y.2d 444, 450, 654 N.Y.S.2d 998, 1000 (1996). The sentencing court does not have discretion to consider a request to defer payment of the mandatory surcharge at sentencing or to waive it entirely. See People v. Jones, 26 N.Y.3d 730, 732-33, 27 N.Y.S.3d 431, 433 (2016).[3] When a sentence is within the confines of state law, a federal court cannot review the fairness of the sentence under its habeas corpus jurisdiction. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) ("No federal

---

[3] At the time petitioner's assigned counsel first raised the claim that plaintiff should have been permitted to request a surcharge deferment at sentencing, the Appellate Divisions in New York were split as to whether the sentencing court had discretion to do so. Compare People v. Jones, 115 A.D. 3d 490, 982 N.Y.S. 2d 309 (1st Dep't 2014) with People v. Kistner, 291 A.D. 2d 856, 736 N.Y.S. 2d 924 (4th Dep't 2002). Jones settled that issue.

constitutional issue is presented where . . . the sentence is within the range prescribed by state law.").

Petitioner's claims relating to violations that he argues occurred before he pleaded guilty are similarly unreviewable. "Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea." Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

## II. Promise of No Jail Time

Both in his *pro se* supplemental brief on his motion to reduce his sentence in the Appellate Division and in his first § 440 proceeding, petitioner alleged that he had confessed because the police and ATF agents had told him that if he did, he would face no jail time nor violation of parole charges. The Appellate Division noted that defendants' contentions were based on matters outside the record and therefore were not properly before the court. Thompson, 150 A.D.3d at 1157-58, 52 N.Y.S.3d at 676. The § 440 court, by contrast, addressed the claim on the merits (among others) and held that it was "groundless."

Because the § 440 court decided this point on the merits, its decision is subject to review under 28 U.S.C. § 2254(d)(1). That subsection requires petitioner to demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. The Supreme Court has made clear that AEDPA's standard of review is extremely narrow and that it is intended only as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal[.]" Ryan v. Gonzales, 568 U.S. 57, 75 (2013) (internal quotation marks and citation omitted). "A state court's determination that a claim lacks merit

4

precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

The § 440 court's characterization of petitioner's argument as "groundless" was apt. The transcript of his plea allocution shows that the judge thoroughly explained the plea agreement to petitioner and that petitioner repeatedly acknowledged that he understood it. The following excerpt is all that needs to be said:

> THE COURT: I've promised you I'm going to sentence you to an indeterminate sentence of two to four years on each of the four counts. Those will run consecutively for a total of eight to 16 years, an indeterminate prison term. That's the promise; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Anyone made other promises to get you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone forced you or threatened you to get you to plead guilty?
>
> THE DEFENDANT: No.

Petitioner's contrary submissions in his § 440 motion were conclusory, partially unsworn, and contradictory. His contention appears to have been that a New York City detective told him that if he "came clean," the police would enlist him as an informant instead of imposing a jail sentence. But as petitioner himself acknowledged in his § 440 motion, "[n]o deal ever materialized," and then he decided to plead guilty. As the Appellate Division concluded on petitioner's motion to reduce his sentence, his guilty plea and appeal waiver waived his right to challenge pre-trial proceedings unrelated to the plea process. The § 440 court's decision rejecting this claim was neither contrary to nor an unreasonable application of any Supreme Court decision.

### III. Coerced Guilty Plea and Lack of Competency Hearing

In his § 440 motion, petitioner averred that his trial counsel "coerced me into pleading guilty to the charges at a time when I was under duress and suffering mental illness. My lawyers did not seek a competency hearing, nor did [they] raise the issue of mental illness as part of my defense." The § 440 court rejected this conclusory assertion as "baseless," and based on this record, I cannot find that the § 440 court contravened any Supreme Court authority in reaching this conclusion. Other than plaintiff's self-declaration that he is bi-polar, there is nothing in the § 440 record to substantiate it. The transcript of the plea and sentencing give no indication at all that there was a competency issue and petitioner's general allegation in his § 440 motion was insufficient to raise one.

### IV. Sentence upon 1986 Conviction

Petitioner raised this claim through at least two procedural devices: his motion to reduce sentence in the Appellate Division and in a § 440 proceeding. He articulated it in different ways, but it appears to have nothing to do with the conviction under review in this habeas corpus proceeding. The argument is that his designation as a persistent violent felony offender in 1986 was erroneous because one of his predicate convictions led to a sentence of only one year in custody and, under the statute, only convictions for which the sentence was in excess of one year qualify as predicates. As the District Attorney pointed out, petitioner was wrong on the law – his 1986 sentence was not as a persistent felony offender, which would have required predicate sentences in excess of one year, but as a persistent *violent* felony offender, which did not. Compare N.Y. Penal Law § 70.10 with N.Y. Penal Law § 70.08.

But that is not the main problem as to this point. AEDPA imposes a one-year limitation period in challenging state court convictions. See 28 U.S.C. § 2244(d). For convictions prior to

AEDPA's enactment in 1995, the Second Circuit allowed a one-year "grace period" to file a habeas corpus petition. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Petitioner is well beyond that, so review of his 1986 sentence is time barred.

## CONCLUSION

The petition is denied and the case is dismissed. Petitioner's motion for the appointment of counsel is denied as moot. Because the petition raises no substantial constitutional question, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). An appeal would not be taken in good faith and therefore *in forma pauperis* is denied for purposes of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                                                                          _____

                                                                                                                                                                                       U.S.D.J.

Dated: Brooklyn, New York  
       August 21, 2018